# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DONNA M. MEISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00423-JCH |
| | ) | |
| WALMART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Walmart Stores East, LP's Motion for Summary Judgment, filed April 26, 2016.  (ECF No. 21.)  The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

In this removed action, Plaintiff Donna Meiser alleges that she sustained injuries after she slipped and fell on snow and ice in the parking lot of Defendant's retail store in Eureka, Missouri (hereinafter, the "Premises").  Plaintiff claims that Defendant had undertaken measures to remove snow and ice from the parking lot, and that Defendant was negligent in failing to adequately clear the parking lot.  (ECF Nos. 1, 4.)  The summary judgment record reveals the following undisputed facts.

On the morning of December 14, 2013, Plaintiff drove from her home to the Premises. There was approximately one inch of snow on the ground when Plaintiff left her house, and it was snowing when Plaintiff arrived at the parking lot of the Premises.  Upon arrival, Plaintiff noticed a truck with a snowplow.  The snowplow had cleared paths through two of the main aisles of the parking lot, and had shoved piles of snow to the center of the parking lot.  Plaintiff proceeded to park between the two main aisles.  When Plaintiff exited her vehicle, it was still

snowing and the snowplow was plowing snow to the left of the driver's side of her vehicle. Plaintiff took several steps "through snow or ice or slush," and then she slipped and fell. (Defendant's Statement of Uncontroverted Material Facts ("SUMF"), ECF No. 21 ¶¶ 1-2, 7, 14-16, 18; Plaintiff's SUMF, ECF No. 32 ¶¶ 1-2, 5-10, 17; Plaintiff's Ex. 1.)

Plaintiff contends that she slipped and fell when her left foot came into contact with the edge of a small pile of snow that had been created and left behind in one of the main aisles by the snowplow. (Plaintiff's SUMF ¶¶ 13, 19.) Defendant disputes this fact and maintains that snow was continuously accumulating in the entire parking lot. (ECF No. 34.)

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences that may be drawn from the record. *See Hott v. Hennepin Cnty., Minn.*, 260 F.3d 901, 905 (8th Cir. 2001) (citations omitted).

The moving party bears the burden of showing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When a summary judgment motion is properly supported by evidence, the burden then shifts to the non-moving party who must set forth affirmative evidence showing that there is a genuine issue for trial. *See id*. at 256-57. The non-moving party may not rest on the allegations in his pleadings, but must set forth specific facts, by citing to particular parts of materials in the record, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(c); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002).

## DISCUSSION

Under Missouri law, "[t]he premises liability theory of negligence provides that a landowner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee as the result of a dangerous condition existing on the premises." *Cossey v. Air Sys. Int'l, Inc.*, 273 S.W.3d 588, 590 (Mo. Ct. App. 2009). To be entitled to relief on a premises liability claim, a plaintiff must show: (1) a dangerous condition existed on the defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) plaintiff sustained injuries as a result of such a condition. *See Steward v. Baywood Villages Condominium Ass'n*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004) (citations omitted).

Missouri Courts recognize an exception to this general duty of care, "which is informally known as the 'Massachusetts rule.'" *Medlock v. St. John's Health Sys., Inc.*, 426 S.W.3d 35, 38 (Mo. Ct. App. 2014) (quoting *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo. Ct. App. 1991)). Under this exception, "an invitor has no duty to remove snow or ice on outside areas where the snow or ice accumulated naturally as a result of general weather conditions within the community." *Id.* (quotation and citation omitted); *see also Milford v. May Dep't Stores*, 761 S.W.2d 231, 232-33 (Mo. Ct. App. 1988) ("To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform."). "A defendant, however, may voluntarily assume a duty to protect the safety of an invitee, and once such a duty is assumed, the defendant must exercise reasonable care." *Otterman v. Harold's Supermarkets, Inc.*, 65 S.W.3d 553, 555 (Mo. Ct. App. 2001) (citation omitted). "Therefore, even if a possessor of land has no duty to an invitee to

remove snow and ice that has accumulated naturally and is a condition general to the community, there is a recognized exception to the rule where the possessor assumes a duty to remove snow or ice…" *Gorman v. Wal-Mart Stores, Inc.*, 19 S.W.3d 725, 732 (Mo. Ct. App. 2000).

Defendant argues that it owed no duty to Plaintiff because the ice and snow on which Plaintiff slipped was caused by ongoing precipitation that accumulated naturally as a result of general weather conditions in the community, and that Plaintiff has failed to present evidence of causation.  (ECF No. 22.)  Plaintiff counters that the video surveillance footage shows that Defendant employed the use of a snowplow and thus assumed the duty to exercise ordinary care to remove the snow and ice from the parking lot, and that Plaintiff fell at the precise location where the snowplow had left a pile of snow.  (ECF No. 33.)

Here, it is undisputed that a general condition of snow and ice existed in the community. However, the record demonstrates that Walmart undertook action to alter the snowy and icy conditions of the parking lot at the Premises, including the general area in which Plaintiff parked her vehicle.  Thus, the Court concludes that Defendant assumed a duty to exercise reasonable care in removing the snow and ice.  *See Otterman*, 65 S.W.3d at 555 ("Generally in snow and ice cases, a duty has been found where the conditions on an invitor's premises have been altered."). In addition, upon review of the surveillance video (Plaintiff's Ex. 1), the Court further concludes that it is not beyond genuine dispute that ongoing precipitation was the sole cause of Plaintiff's fall.  Rather, a reasonable inference can be drawn that Plaintiff slipped on a pile of snow that was created and left behind in one of the main aisles by the snowplow.  *See Hott*, 260 F.3d at 905. Therefore, Defendant's Motion will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walmart Stores East, LP's Motion for Summary Judgment (ECF No. 21) is **DENIED**.


Dated this 11th day of July, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE